UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL AUTHOR KEITH,

    Plaintiff,

v.                                                                                    Case No: 8:24-cv-1858-TPB-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Commissioner's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 7) is before the Court. The Commissioner asks the Court to dismiss Plaintiff's case because he did not file it by the deadline set by 42 U.S.C. § 405(g) and does not demonstrate circumstances that justify equitable tolling of the deadline. Alternatively, the Commissioner contends that summary judgment should be granted in the agency's favor on the same grounds. *Pro se* Plaintiff objects to the relief and contends that his federal appeal was timely (Doc. 9).

    **I.**    **Procedural Background**

The Commissioner filed its motion on October 7, 2024 (Doc. 7). In a November 5, 2024 Order, the Court converted the Commissioner's motion to one for summary judgment (Doc. 8). The Court pointed out that the Commissioner, in support of his motion, submitted the Declaration of Rosanna Mapp, Chief of Court Case Preparation and Review of the local branch of social security appeals (Doc. 7-1). Because Mapp's

Declaration was outside the pleadings, the Court gave the parties an additional 21 days to respond with any documents or other materials pertinent to whether Plaintiff timely filed his Complaint (Doc. 8).[1]  Plaintiff filed a handwritten response on November 18, 2024 (Doc. 9), attaching an agency form titled Request for Reconsideration dated one day earlier.  On the form, Plaintiff writes that the ALJ wrongly decided his case, his attorney at the administrative level was incompetent, and Plaintiff needs an attorney's help to pursue his appeal (Doc. 9-1).  Plaintiff also attached a printout of his "my Social Security" account from the agency's website and two medical records (*Id.*).  The Commissioner replied, standing by the agency's argument that Plaintiff filed his federal court appeal out of time (Doc. 13).

## II.     Summary Judgment Standard

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a) and (c).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A fact is material if it is a legal element of the claim that may affect the outcome under the substantive governing law.  *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997).

---

[1] The Court must treat a motion to dismiss as one for summary judgment and allow the non-moving party a reasonable opportunity to present materials in opposition to the motion if "matters outside the pleadings are presented to and not excluded by the court[.]" Fed. R. Civ. P. 12(d).

A dispute about a material fact is "genuine" if a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court views the evidence and all factual inferences drawn from the evidence in the light most favorable to the non-moving party and resolves any reasonable doubts in the nonmovant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

The nonmoving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mtn. Park, Ltd. v. Oliver,* 836 F.2d 1560, 1563 (11th Cir. 1989)). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 252).

### III. Discussion

#### A. Plaintiff's Complaint Was Untimely

Title 42, Section 405(g) of the Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

>civil action commenced within *sixty days after the mailing* to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  The Commissioner interprets "mailing" as the date the claimant receives either the Appeals Council's notice of denial of the claimant's request for review or the Appeals Council's decision, and this date "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.").  A complaint is timely if the plaintiff files it within 65 days of the date on the Commissioner's final notice of the agency's adverse decision.

On April 17, 2023, the Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim to child's insurance benefits (Doc. 7-1, Ex. 1).  Plaintiff requested review of the ALJ's opinion from the Appeals Council.  On June 28, 2023, the Appeals Council denied Plaintiff's request and notified him of the 60-day deadline to file a civil action (*Id*. at Ex. 2).  The Appeals Council's notice stated:

>**Time to File a Civil Action**
>
>- You have 60 days to file a civil action (ask for court review).
>- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for wanting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

(*Id*.).

Mapp attests that the Appeals Council mailed this notice to Plaintiff the same day, June 28, 2023, at 6011 Robert Road, Unit 208, Davenport, FL 33837-3752 (Doc. 7-1 at ¶ 3(a)). Mapp also attests she "is not aware of any request for an extension of time to file a civil action as specified in said notice[.]" (*Id.* at ¶ 3(b)). Under these facts, Plaintiff's complaint was untimely: it was due by September 1, 2023, but Plaintiff filed it on August 7, 2024, more than 11 months late. *See Williams v. Comm'r of Soc. Sec.*, 664 F. App'x 763, 765 (11th Cir. 2016) (affirming dismissal of a complaint filed two days after its due date as untimely).

### B. Equitable Tolling Does Not Apply

The next issue is whether Plaintiff demonstrates extraordinary facts to warrant equitable tolling. The 60-day requirement in § 405(g) "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The Supreme Court has characterized § 405(g) as "'unusually protective' of claimants." *Id.* at 480 (quoting *Heckler v. Day*, 467 U.S. 104, 106 (1984)). To that end, Congress has waived sovereign immunity in the Social Security Act ("SSA") by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). The remedies outlined in the Social Security Act – i.e., filing a federal civil action within 60 days – are the exclusive source of federal court jurisdiction involving SSI.

Congress has explicitly authorized the Commissioner to toll the 60-day limit, *see* 42 U.S.C. § 405(g) (appeal due within 60 days unless the Commissioner extends the deadline), and courts also find that traditional equitable tolling principles apply. *Bowen*,

5

476 U.S. at 480; *Jackson v. Astrue*, 506 F.3d 1349, 1354 (11th Cir. 2007). The law in the Eleventh Circuit "clearly requires that 'a finding of extraordinary circumstances' is necessary before a court may equitably toll the SSA's statutory period, and this determination 'is reserved for extraordinary facts.'" *Jackson*, 506 F.3d at 1353-54 (quoting *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005)). Equitable tolling is an extraordinary remedy that courts apply sparingly. *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1337 (11th Cir. 2023).

The remedy "typically requires some kind of affirmative misconduct on the part of the defendant – such as fraud, misinformation, or deliberate concealment[,]" and a plaintiff bears the burden of establishing such exceptional circumstances. *Bray v. Bank of Am., N.A.*, 763 F. App'x 808, 810 (11th Cir. 2019) (citing *Jackson*, 506 F.3d at 1355). The Eleventh Circuit has "rejected that a party's *pro se* status, ignorance of the judicial process, or delays in the proceedings warrant the application of equitable tolling." *Id*. (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969-70 (11th Cir. 1997)). Similarly, a claimant's counsel's negligence does not constitute an extraordinary circumstance sufficient to trigger equitable tolling. *Collier-Fluellen v. Comm'r of Soc. Sec.*, 408 F. App'x 330, 330 (11th Cir. 2011); *Smith v. Astrue*, 393 F. App'x 596 (11th Cir. 2010).

Here, it is undisputed that the "Notice of Appeals Council Action" attached to the Commissioner's summary judgment motion is dated June 28, 2023. No evidence rebuts the presumption that Plaintiff received the Appeals Council's June 28, 2023 notice 5 days after of the decision.

Instead, Plaintiff submits a screenshot of his "my Social Security" portal on the agency's website, showing that he logged into his account on August 7, 2024, the same day he filed his complaint and approximately 11 months after the deadline to file a federal civil action. The printout states in three places that the agency denied Plaintiff's appeal on June 14, 2024 (rather than June 28, 2023, the date on the Appeals Council's notice). Under the heading "Your Benefit Applications," the page reads, "We made a decision to **deny** your appeal on **June 14, 2024**." (Doc. 9-1 at 2) (emphasis in original). Describing step two of the three-step review process, the statement appears again: "We conducted a review of your appeal on June 14, 2024." (*Id.*). Regarding step three, the agency states, "**We have made a decision to deny your appeal on June 14, 2024.** We have sent a notice to you with a detailed explanation of the decision. You should receive your notice within 10 to 15 days. If you disagree with the decision, you may request an appeal within 60 days of the date of your decision notice." (*Id.*) (emphasis in original).

The Commissioner explains this discrepancy in the declaration of Brandy Weeks (Doc. 13-1), a Social Insurance Specialist in the agency's Atlanta Regional Office. Weeks declares that "[t]he ALJ's April 17, 2023 denial was not closed timely in SSA's systems." (*Id.* at ¶ 5). Instead, "[t]he claim was left open erroneously while Mr. Keith's request for Appeals Council review was pending." (*Id.* at ¶ 6). The agency closed Plaintiff's case in its system on June 14, 2024, which "caused the June 14, 2024 date appearing in Mr. Keith's 'my Social Security' account." (*Id.* at ¶ 8). In other words, "[t]he June 14, 2024 date appearing in Mr. Keith's 'my Social Security' account represents only the date of the

7

untimely Field Office action closing the claim in SSA's systems[,]" and "[t]here is no corresponding agency decision or notice for the June 14, 2024 date." (*Id*. at ¶¶ 9-10).

To be sure, the Commissioner provided Plaintiff with incorrect information on the very portion of the agency's website devoted to giving claimants accurate, claim-specific information.  But the inaccurate information did not appear on the website until approximately 9 months after the deadline to file a federal civil action. (*Id*. at ¶¶ 9-10).  In other words, the incorrect information had no bearing on Plaintiff's failure to timely file a federal appeal.  Plaintiff's printout merely demonstrates that sometime after June 14, 2024 – well after the September 2023 deadline for Plaintiff to file a federal action had come and gone – Plaintiff logged into his "my Social Security" account, noticed that the Appeals Council had denied his request for review, believed (perhaps reasonably) that this denial occurred on June 14, 2024, and filed this case 54 days later on August 7, 2024 (*see* Doc. 9, Doc. 9-1 at 2-3).   On this record, Plaintiff has not demonstrated extraordinary facts to warrant relief.

## IV.   Conclusion

The Court **RECOMMENDS**:

(1) The Commissioner's Motion for Summary Judgment (Doc. 7) be **GRANTED**; and

(2) The Clerk of Court enter judgment for Defendant and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on March 28, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.